NO.
12-07-00168-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

KATHIE MEADOWS SPEARS,      §                      APPEAL FROM THE SEVENTH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

PER CURIAM

            Kathy
Meadows Spears appeals her conviction for theft, for which she was sentenced to
imprisonment for two years, probated for five years.  Appellant’s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  Thereafter,
Appellant filed a pro se brief.  We
affirm.

 

Background

            Appellant
was charged by indictment with theft and pleaded “not guilty.”  The matter proceeded to trial before the
court.[1]  Following the presentation of evidence, the
trial court found Appellant “guilty” as charged.   After a trial on punishment was conducted,
the trial court sentenced Appellant to imprisonment for two years, but probated
Appellant’s sentence for five years. 
This appeal followed.

 

Analysis
Pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders v. California and
Gainous v. State. 
Appellant’s counsel states that he has diligently reviewed the appellate
record and is of the opinion that the record reflects no reversible error and
that there is no error upon which an appeal can be predicated.  He further relates that he is well acquainted
with the facts in this case.  In
compliance with Anders, Gainous, and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant’s Anders
brief presents a chronological summation of the procedural history of
the case and further states that Appellant’s counsel is unable to raise any
arguable issues for appeal. 

            Thereafter,
Appellant filed a pro se brief in which she raised the following issues:  (1) Appellant received ineffective assistance
of appellate counsel; (2) Appellant was not permitted to personally elect
between a bench trial and a jury trial; (3) the trial court erroneously refused
to admit a deposit slip into evidence, which would have proved Appellant’s
innocence; (4) the evidence consisted of a “typed in computer print out” and “copy
of record missed posted[;]” and (5) the evidence was insufficient to support
the trial court’s verdict beyond a reasonable doubt.[2]  We have reviewed the record for reversible
error and have found none.  See Bledsoe
v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).                                                                                                             

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits.  Having done so and having
found no reversible error, Appellant’s counsel’s motion for leave to withdraw
is hereby granted and the trial court’s judgment is affirmed.

Opinion
delivered January 9, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1] During trial, Appellant indicated a desire to
change her plea to “guilty.”  Thereafter,
upon receiving Appellant’s presentence investigation report, the trial court
noted on the record the inclusion of a letter in which Appellant indicated that
she did not believe she was guilty of the offense.  The trial court questioned Appellant in this
regard and subsequently set aside Appellant’s guilty plea.  The trial court then recommended the
presentation of the remainder of the evidence in the case.





[2]
We have construed Appellant’s statement of issues liberally in the interest of
justice.